UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTINE NGUYEN AND BLUE STAR, INC. D/B/A CROWN INN          PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:09CV26-LTS-RHW

X L SPECIALTY INSURANCE COMPANY                                DEFENDANT

## ORDER

This Court entered an [5] order on June 8, 2009, requiring Plaintiffs to file a response to Defendant's pending [3] Motion to Dismiss for Insufficiency of Service of Process and establish good cause for the failure to serve the [1] Complaint and [2] Summons in the time allowed by Fed. R. Civ. P. 4(m). Plaintiffs timely complied [6] with the Court's [5] order, and Defendant submitted its [8] reply in advance of the deadline imposed by the Court. Defendant's motion to dismiss is now ripe for a decision.

Plaintiffs' [1] Complaint was filed on January 7, 2009. The docket indicates that [2] summons was issued on February 4. There is no relevant activity on the docket until May 12, when Defendant filed its Fed. R. Civ. P. 12(b)(5) dismissal motion based on Fed. R. Civ. P. 4(m).

Plaintiffs offer two alternative arguments to fend off dismissal: 1) they properly served Defendant; and 2) in the event they did not, they should be allowed additional time to effect legal service. Plaintiffs offer no legal authority for the former proposition, but as to the latter urge that the Court exercise discretion against dismissal based on a potential statute of limitations bar and lack of prejudice to the Defendant.

Defendant's counter focuses on strict adherence to the requirements and time limits imposed by Fed. R. Civ. P. 4, as well as on the fact that simple inadvertence or mistake of counsel does not constitute excusable neglect and, therefore, good cause for the failure to properly serve process. As the Defendant points out, there is no acknowledgment of receipt of summons, much less a return of service.

Defendant does not address, however, the concern of the statute of limitations. Nor does Defendant offer any argument in the way of prejudice it may suffer if Plaintiffs are not given an extension of time for service.

Dismissal at this date is too drastic to visit upon Plaintiffs, and the Court finds that they should be given an opportunity to effect service as provided by law unless a waiver is obtained pursuant to Fed. R. Civ. P. 4(d). At the same time, it should be understood that it is not for the Court to instruct Plaintiffs' counsel on the intricacies of service of process, and it should be

emphasized that failure to properly serve Defendant in accordance with the law and within the time allowed by this order shall result in dismissal.

Accordingly, **IT IS ORDERED**:

Defendant's [3] Motion to Dismiss for Insufficiency of Service of Process is **DENIED**;

Plaintiffs, within thirty (30) calendar days of the date of this order, shall serve the Summons and Complaint upon Defendant and otherwise effect service of process in the manner provided by law, unless Defendant waives service of summons;

Failure to comply with this order shall result in the dismissal (without prejudice) of this cause of action.

**SO ORDERED** this the 9th day of July, 2009.

                                             s/ L. T. Senter, Jr.
                                             L. T. SENTER, JR.
                                             SENIOR JUDGE